

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Martin J. Clarke*
*Assistant United States Attorney*
*marty.clarke@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4840*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

November 18, 2019

FILED ENTERED
LOGGED RECEIVED
NOV 21 2019
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

Steven D. Silverman, Esq.
Silverman Thompson
201 N Charles Street, 26th Floor
Baltimore, Maryland

Re: *United States v. Catherine Elizabeth Pugh*

Dear Mr. Silverman:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Catherine Elizabeth Pugh, (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted by November 19, 2019, it will be deemed withdrawn. The terms of the Agreement are as follows:

## Offense of Conviction

1. The Defendant agrees to plead guilty to the Indictment charging her with the following offenses: conspiracy to commit wire fraud, in violation of 18 U.S.C § 1349 (Count One); conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count Nine); and tax evasion, in violation of 26 U.S.C. § 7201 (Counts Ten and Eleven). The Defendant admits that she is, in fact, guilty of these offenses and will so advise the Court.

## Elements of the Offenses

2. The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

### Count One – Conspiracy to Commit Wire Fraud

a. The Defendant and at least one other person entered into an unlawful agreement;

b. The purpose of the agreement was to knowingly execute or attempt to execute a scheme or artifice to defraud and to obtain money, funds, assets or other property by means of materially false pretenses, representations, or

promises;

c. An interstate wire was knowingly transmitted or caused to be transmitted for the purpose of executing the scheme to defraud; and

d. The Defendant knowingly and willfully became a member of the conspiracy.

Count Nine – Conspiracy to Defraud the United States (Klein Conspiracy)

a. The Defendant and at least one other person entered into an unlawful agreement;

b. The purpose of the agreement was to defraud the United States by interfering with and obstructing the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of income taxes;

c. A member of the conspiracy committed an overt act in furtherance of the conspiracy; and

d. The Defendant knowingly and voluntarily joined the conspiracy.

Counts Ten and Eleven – Tax Evasion

a. The Defendant owed a substantial income tax in addition to the tax liability which she reported on her income tax return;

b. The Defendant intended to evade and defeat payment of that additional tax;

c. The Defendant committed an affirmative act in furtherance of that intent; and

d. The Defendant acted willfully, that is, with the voluntary intent to violate a known legal duty.

Penalties

3. The maximum penalties provided by statute for the offenses to which the Defendant is pleading guilty are as follows:

| Count | Statute | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 1349 | 20 years | 5 years | $1,000,000 | $100 |
| 9 | 18 U.S.C. § 371 | 5 years | 3 years | $250,000 | $100 |
| 10-11 | 26 U.S.C. § 7201 | 5 years | 3 years | $100,000 | $100 |

a. Alternative Fine: If any person derived pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the Defendant, the Defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.

b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant

returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights

4. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

Count One – Conspiracy to Commit Wire Fraud

a. The parties agree and stipulate that pursuant to U.S.S.G. § 2B1.1(a)(1) the base offense level for Count One (conspiracy to commit wire fraud) is seven (7). A twelve-level (12) upward adjustment pursuant to § 2B1.1(b)(1)(G) is warranted because the offense involved a loss of more than $250,000, resulting in an adjusted offense level of nineteen (19).

b. Pursuant to U.S.S.G. § 2B1.1(b)(10)(C) a two-level (2) upward adjustment is warranted, because the offense involved sophisticated means, resulting in an adjusted offense level of twenty-one (21).

c. Pursuant to § 3B1.3, a two-level (2) upward adjustment is warranted, because the Defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense, resulting in an adjusted offense level of twenty-three (23).

d. Pursuant to U.S.S.G. § 2B1.1(b)(9)(A) a two-level (2) upward adjustment is warranted, because the offense involved a misrepresentation that the Defendant was acting on behalf of a charitable or educational organization, resulting in an adjusted offense level of **twenty-five (25)**.

Count Nine – Klein Conspiracy

e. Pursuant to U.S.S.G. §§ 2T1.1(a)(1), 2T1.9(a)(1) and 2T4.1(D) the base offense level for Count Two (conspiracy to defraud the United States) is twelve (12), because the tax loss was more than $15,000. Pursuant to U.S.S.G. § 2T1.1(b)(2) a two-level upward adjustment is warranted, because the offense involved sophisticated means, resulting in an adjusted offense level of **fourteen (14)**.

Count Ten and Eleven – Tax Evasion

f. The parties agree that pursuant to U.S.S.G. §§ 1B1.3(a)(3), 2T1.1(a)(1) and 2T4.1(F) the base offense level for Counts Three and Four (filing a false tax return) is sixteen (16), because the tax loss was more than $100,000. Ten + Eleven

g. Pursuant to U.S.S.G. § 2T1.1(b)(1) a two-level (2) upward adjustment is warranted, because the Defendant failed to report or correctly identify the source of income exceeding $10,000 in any year from criminal activity, resulting in an adjusted offense level of **eighteen (18)**.

Grouping of Closely Related Counts

h. The parties agree and stipulate that pursuant to U.S.S.G. § 3D1.2(b) Counts Nine, Ten and Eleven should be grouped together because they are closely related. Consequently, pursuant to U.S.S.G. § 3D1.3(a) the offense level applicable to the group is eighteen (18) because the offense level for Count Three is the highest in the group. Count One represents a second group, which has a higher offense level at twenty-five. Ten

i. Pursuant to the table set forth in U.S.S.G. § 3D1.4, one unit for the grouping of Count One, and a half a unit for Counts Nine, Ten and Eleven, are added to together for a total of 1.5 units, which equates to an upward adjustment of one level. The combined offense level is calculated by increasing the offense level for Count One by one level, resulting in a combined offense level of **twenty-six (26)**.

j. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for her criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

Obligations of the Parties

9. At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing.

Waiver of Appeal

10. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

i. The Defendant reserves the right to appeal any sentence that exceeds the statutory maximum; and

ii. This Office reserves the right to appeal any sentence below a statutory minimum.

c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Forfeiture

11. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable

to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

12. The Defendant agrees to consent to the entry of orders of forfeiture for the property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

13. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Tax Liability

14. The Defendant understands that this Agreement does not resolve any civil tax liability that the Defendant may have, and that this Agreement is with the United States Attorney's Office, not with the Internal Revenue Service. The Internal Revenue Service is not a party to this Agreement and remains free to pursue any and all lawful remedies it may have. The Defendant agrees, however, as a special condition of supervised release: (a) to execute a final and conclusive "Closing Agreement" with the Internal Revenue Service, pursuant to section 7121 of the Internal Revenue Code, in order to resolve tax liabilities for the years 2013 through 2017; (b) to provide a complete and accurate financial statement, under penalty of perjury, to the United States that shall identify all assets valued at $1,000 or more owned or held directly or indirectly by the Defendant, as well as all such assets transferred by the Defendant to any third parties since 2013, including the location of said assets and identities of the third parties; and (c) to pay to the Internal Revenue Service all additional taxes, interest and penalties that the Internal Revenue Service may determine that the Defendant owes for the tax years 2013 through 2017, pursuant to the aforesaid Closing Agreement. The Defendant understands that a failure to comply with any of the conditions of the Defendant's supervised release may result in revocation of the Defendant's release conditions, resulting in the Defendant's reincarceration for all or part of the term of supervised release.

## Defendant's Conduct Prior to Sentencing and Breach

15. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

16. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence,

then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

Court Not a Party

17. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Entire Agreement

18. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

Martin J. Clarke
Leo J. Wise
Assistant United States Attorneys

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11/19/19
Date

Catherine E. Pugh

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

11/19/19
Date

Steven D. Silverman, Esq.