# Healthy Holly LLC
### 3603 Dennlyn Rd.
### Baltimore, Maryland 21215
email- cepughco@aol.com

**THIS AGREEMENT** for Contractor Services ("Agreement") is made this _15th_ day of _September_ 2014; by and between Healthy Holly LLC (hereinafter referred to as **"Client"**), 3603 Dennlyn Rd., Baltimore, Md. 21215 and GB Abstracting & Consulting, LLC (hereinafter referred to as **"Consultant"**) located at 2118 Clifton Ave., Baltimore, Md. 21217.

**WHEREAS**, CLIENT desires to enter into an Independent Contractor Agreement with Consultant, and Consultant desires to enter into an Independent Contractor Agreement with CLIENT, on the terms and conditions hereinafter specified;

1.   **Relationship.**   CLIENT hereby retains Consultant, and Consultant hereby agrees to be retained by CLIENT, as an independent contractor and not as an employee and nothing contained in this Agreement shall alter, change or modify the status of Consultant from that of an independent contractor to that of an employee.   Specifically, the Consultant does not have any rights to any workman compensation maintained by CLIENT or any other CLIENT employee related benefits.

2.   **Services**.   Consultant shall provide the services under this Agreement as outlined in the Scope of Services in Exhibit 1 of this agreement, said Exhibit 1 is made a part of this agreement.

3.   **Working Arrangements**.   Consultant shall report to the President of CLIENT, or their designee. Consultant shall at all times conduct his business affairs in his own name, and shall not implicitly or explicitly represent to any person or entity that he is other than a business entity separate and apart from CLIENT  that provides Services to CLIENT .

4.   **Terms of Agreement**.   This Agreement shall be effective as of January 1, 2015 and shall continue in force until either party notifies the other of their desire to terminate this agreement. However, notwithstanding the above, this agreement shall not to exceed more than three years from the effective date referred to above.

5. **Consulting Fees, and Reimbursement Expenses.**   Consultant represents and warrants to CLIENT that all work and services rendered hereunder will be performed consistent with good professional standards, principles and practices as defined under Maryland state law.  As full compensation for all services rendered under this Agreement CLIENT shall pay the Consultant a monthly retainer fee of Three Thousand Dollars ($3,000) for services rendered   Consultant will submit invoices to CLIENT at the end of each monthly billing period.

1



EXHIBIT 11

6.   **Credit and Ownership of Products**.  Consultant agrees to promptly report to CLIENT all inventions, discoveries, improvements, copyrightable material, trademarks, programs, computer software and ideas of whatsoever nature conceived or made by Consultant at any time while Consultant is rendering services to CLIENT.  All such inventions, discoveries, improvements, copyrightable material, trademarks, programs, computer software and ideas for which no equipment, supplies, facility, or trade secret information of CLIENT  was used and which were developed entirely on Consultant's own time, shall not constitute property of CLIENT  unless:

    (A) it related to

        (i)   Business of CLIENT or

        (ii)   CLIENT actually or demonstrably anticipated research or development, or

    (B) it results from

        (i)   Any work performed by Consultant from any services provided to CLIENT by Consultant.

Consultant agrees to execute, acknowledge and deliver to CLIENT  all such papers, including applications for patents, applications for copyrights and trademark registrations and assignments thereof, as may be necessary, and at all times to assist CLIENT , its successors, assigns and nominees in every proper way to, patent or register said inventions, discoveries, improvements, copyrightable material, trademarks, programs, computer software or ideas in any and all countries and to vest title thereto in CLIENT  its successors, assigns or nominees.

7.   **Confidential Information**.   Consultant acknowledges that, as a result of Consultant's engagement by CLIENT under this Agreement, Consultant may develop, obtain or learn about information or trade secrets that are the property of CLIENT. Consultant hereby covenants and agrees that Consultant will use Consultant's best efforts and the utmost diligence to guard and protect such confidential information and trade secrets, and that Consultant will not use for Consultant or others, or disclose or permit to be disclosed to any third party or other person by any method whatsoever, any of such confidential information or trade secrets of CLIENT.  For purposes of this paragraph, "confidential information or trade secrets" shall include, but not be limited to, any and all marketing and advertising plans, specific areas of research and development, project work, product formulations, processing employees, testing and evaluation procedures, cost figures, construction plans and special techniques or methods of any kind peculiar to CLIENT , or any information of whatever nature in the possession or control of CLIENT  which has not or have not been published or disclosed to the general public or which gives to CLIENT  an opportunity to obtain an advantage over competitors who do not know of or use it.

Consultant further agrees that if this Agreement is terminated for any reason, Consultant will return to CLIENT and will not take any originals or copies of any records, papers, programs, computer software, documents, or any other matter of whatever nature which contains confidential information or trade secrets of CLIENT.

If either party receives a subpoena or other validly issued administrative or judicial process requesting Confidential Information of the other party, it shall provide prompt notice, in accordance with paragraph 12 of this Agreement, to the other of such receipt and give the disclosing party the opportunity to seek a protective order. The party receiving the subpoena shall thereafter be entitled to comply with such subpoena or other process to that extent permitted by law.

8. **Additional Remedies**. The covenants set forth in paragraphs 6 and 7 are made by Consultant as additional consideration of CLIENT's retention of Consultant under this Agreement. Consultant recognizes that irreparable injury will result to CLIENT and to its businesses and properties in the event of any breach by Consultant of any of the provisions of paragraphs 6 and 7 of this Agreement, and that Consultant's continued retention by CLIENT is predicted on the commitments undertaken by Consultant pursuant to said paragraphs. In the event of any breach of any of Consultant's commitments pursuant to paragraphs 6 and 7, CLIENT shall be entitled, in addition to any other remedies and damages available, to injunctive relief to restrain the violation of such commitments by Consultant in any capacity whatsoever, and Consultant hereby consents to the issuance of such relief forthwith in any court of competent jurisdiction.

9. **Termination**. This Agreement may be terminated in the immediate effect by (a) CLIENT with or without cause, including, without limitations, failure to abide by the terms of this Agreement and Consultant's, misconduct, or by (b) the mutual consent of both parties hereto (c) by either party hereto upon thirty (30) days advance written notice given in accordance with paragraph 12 of this Agreement.

CLIENT 's only obligation to Consultant in the event of any such termination will be the payment to Consultant for the Consulting Services due to the date of effective termination of this Agreement.

10. **Indemnification**. To the fullest extent permitted by law, Consultant shall indemnify and hold harmless CLIENT against all claims, damages losses (including but not limited to the loss of use of property) and expenses (including but not limited to attorney's fees) arising out of or resulting from the performance of services under this Agreement, caused in whole or in part by any negligent or willful act or omission of Consultant.

To receive the foregoing indemnities, the CLIENT must promptly notify the Consultant, in accordance with paragraph 12 of this Agreement, in writing of a claim or suit and provide reasonable cooperation (at the Consultant's expense) and full authority to defend or settle the claim or suit. The Consultant shall have no obligation to indemnify the CLIENT under any settlement made without the Consultant's written consent.

11. **Entire Agreement, Severability, Non-assignment**. The provisions hereof constitute the entire agreement between the parties. This Agreement shall supersede all prior agreements and understandings between the parties and no representations or statements made by any representative of CLIENT or Consultant, which are not stated herein, shall be binding. No modification, amendment, or waiver of any term or provision hereof shall be deemed effective unless it is in writing and signed by each party hereto. A finding by any court of competent jurisdiction that any provision of this Agreement or part thereof is unenforceable shall not affect the enforceability of the remaining provisions of this Agreement. Failure of or delay by either party to enforce rights under this Agreement shall not constitute a waiver of such rights. Consultant and CLIENT may not assign this Agreement or any part thereof without the written approval of the other.

12. **Notices**. All notices herein required shall be in writing and shall be served on the parties as follows:

If to Consultant:    Gary Brown
GB Abstracting & Consulting LLC
2118 Cilfton Ave.
Baltimore, Md. 21217

If to CLIENT:    Keith Timmons, Esq., CPA
The Law Offices of K.E. Timmons, Esq., CPA LLC
326 St Paul Place – 300
Baltimore, Maryland 21202

Personal delivery or the mailings of a notice by registered, certified or express mail, return receipt requested or proof of delivery assumed, postage prepaid, shall be sufficient service. Notice shall be deemed to have been served when personally delivered, or if mailed, three days from the date same was posted. By notice complying with the foregoing provisions of this paragraph, each party shall have the right to change the mailing address for future communications to such party. Such change of mailing address shall not be effective until actually received by the party to whom it is sent.

13. **Publicity**. Except as required by law or a party's fiduciary duty, neither party shall disclose publicly or make any advertisement, public announcement or press release concerning the relationship between the parties or the terms and conditions of this Agreement without the other party's prior written consent

14. **Arbitration**. The parties agree that, in the event of a dispute relating to this Agreement, they will work together in good faith first, to resolve the matter internally by escalating it to higher levels of management and, then if necessary, to use a mutually agreed alternative dispute resolution technique prior to resorting to litigation. If the parties



cannot reach agreement on an alternative dispute resolution technique, disputes shall be settled by arbitration administered by the American Arbitration Association in Maryland in accordance with its then-existing commercial arbitration rules. This provision shall not apply to disputes involving confidentiality or infringement of intellectual property rights (in which case either party shall be free to seek available remedies in any forum). The prevailing party will be entitled to recover from the other party any and all cost reasonably incurred by the prevailing party, including without limitation, reasonable attorney fees connected with such litigation.

15.   **Law Applicable.**    This agreement has been entered into the State of Maryland and the validity, interpretation and legal effect of this agreement shall be governed by the laws of the State for Maryland applicable to contracts entered into and performed entirely within such State.

IN WITNESS WHEREOF, the parties hereunder set their hand and seals on the day and year first above written.


BY.  _____          BY: _____
Client: Catherine Pugh, Healthy Holly LLC     Consultant: Gary Brown, GB Abstracting
                                                       & Consulting LLC

                                               EIN# ██████8

5

## *Healthy Holly LLC*
### 3603 Dennlyn Rd.
### Baltimore, Maryland 21215
email- cepughco@aol.com

## *Exhibit 1*

### I.  Outreach Services :

Work with graphic designers, proofreaders, and printers for the production of Healthy Holly book(s)

Work with fashion designers and manufacturers for the creation and manufacturing of the Healthy Holly baby clothing line.

Identify target audience of local & national businesses, local and national not-for-profits, community groups and organizations to promote the purchase of Healthy Holly Products.

### II. Marketing Services :

Create an online presence through the creation of a company website.

Promoting/Manage the brand's social media outlets such as Facebook, Instagram, and Twitter.

### III. Sales Services:

Interact with customers to provide information on the Healthy Holly product line. Assist in customer purchases.

Communicate with the customers via emails and telephone calls. Answer inquiries regarding availability/concerns of/about the product line, pricing policy, etc.

Maintain records of the products sales, purchase and for submission to owner.

