FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 FEB 27 PM 3:22

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No. DKC-19-0541 |
| v. ) | |
| ) | |
| CATHERINE ELIZABETH PUGH, ) | |
| ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on November 14, 2019, a Grand Jury returned an Indictment against Defendant, charging her with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349 as set forth in Count One; Wire Fraud in violation of 18 U.S.C. § 1343 as set forth in Counts Two through Eight; Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 as set forth in Count Nine; and Tax Evasion in violation of 26 U.S.C. § 7201 as set forth in Counts Ten and Eleven;

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture upon conviction of the Defendant of the offenses alleged in the Indictment;

WHEREAS, the Indictment contained a Grand Jury finding of probable cause for forfeiture of a money judgment in the amount of at least $769,688 U.S. currency, as well as forfeiture of any property, real and personal, which constitutes and is derived from proceeds traceable to the offense, including, but not limited to, all rights, title, and interest in the real property located at 3413 Ellamont Road, Baltimore, Maryland, 21215. *Id.*;

WHEREAS, on November 19, 2019, Defendant pleaded guilty to Counts One, Nine, Ten, and Eleven in the Indictment;

WHEREAS, as part of her guilty plea, and without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant acknowledged that this Court may enter an order of forfeiture as part of her sentence, and that the order may include assets directly traceable to the offense(s) to which she pled guilty, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses;

WHEREAS, the Defendant has agreed to the entry of a forfeiture Money Judgment in the amount of the total proceeds she obtained during the course of the wire fraud scheme to which she pleaded guilty, to wit: $669,688 U.S. currency;

WHEREAS, the United States has also identified and Defendant has agreed to forfeit the following property which constitutes or is derived from proceeds traceable to her offense:

(1) All rights, title, and interest in the real property located at 3413 Ellamont Road, Baltimore, Maryland, 21215;

(the "Subject Property");

WHEREAS, the Defendant has also agreed that, upon entry of this Order, the Government may also seek the forfeiture of $17,800 United States currency from the Committee to Elect Catherine E. Pugh as substitute assets pursuant to 21 U.S.C. § 853(p);

WHEREAS, the Defendant consents to the destruction of all previously-seized Healthy Holly books currently in Government custody;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for $669,688 in U.S. currency in the form of a

2

money judgement, as well as for the Subject Property;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Subject Property and the offense to which the Defendant pled guilty.

1. Accordingly, all of Defendant's interests in the Subject Property are hereby forfeited to the United States for disposition pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Subject Property and maintain it in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Subject Property.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Subject Property to be forfeited.

5. Pursuant to Rule 32.2(c)(1), no such notice or ancillary proceeding is necessary, however, to the extent that this Order consists solely of a judgment for a sum of money.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Subject Property, shall, within sixty (60) days after the first day of publication on the government forfeiture

website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court for the District of Maryland, requesting a hearing to adjudicate the validity of his or her interest in the Subject Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States shall have clear title to the Subject Property.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of her sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

10. Insofar as this Order contains a judgment for a sum of money, the Defendant shall remain personally liable until the judgment is satisfied. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure if the United States locates specific assets traceable to the Subject Property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p).

11. The value of any directly forfeitable property that is forfeited as the proceeds of the offense, as well as the value of any substitute assets, shall be credited toward the satisfaction of the money judgment.

Dated: _____          _____
                                       Honorable Deborah K. Chasanow
                                       United States District Judge

WE ASK FOR THIS:

_____
Martin J. Clarke
Assistant United States Attorney

_____
Catherine Elizabeth Pugh
Defendant

_____
Steven D. Silverman, Esq.
Attorney for the Defendant